**FILED**

**November 30, 2016**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 3:39 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| EVE HOLYFIELD,<br>      Employee, | )   Docket No.: 2016-08-0669<br>)   State File Number: 35665-2016<br>)   Judge Jim Umsted |
| v. | ) |
| | ) |
| SENIOR HELPERS,<br>      Employer, | ) |
| | ) |
| And | ) |
| | ) |
| TRAVELERS COMMERCIAL<br>CASUALTY CO.,<br>      Insurance Carrier. | )<br>)<br>) |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS
## (FILE REVIEW)

This matter came before the Court upon a Request for Expedited Hearing (REH) filed by the employee, Eve Holyfield, on October 7, 2016, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Both Ms. Holyfield and her employer, Senior Helpers, requested that the Court decide this interlocutory claim for medical and temporary disability benefits based on a review of the file without an evidentiary hearing. The Court found no additional information was needed to determine whether Ms. Holyfield is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.14(1)(c) (2015), the Court decided the request for benefits based on a review of the written materials and without the benefit of an evidentiary hearing.[1]

---

[1] In making a file review determination, the Court makes no decision as to the admissibility of the information submitted in the case file absent an objection from a party. Here, Senior Helpers moved to strike the collective exhibit of medical records from St. Francis Hospital – Bartlett because the records were neither signed by a doctor nor accompanied by a certification by the custodian of records. (T.R. 6.) The Court finds the motion is well taken

Ms. Holyfield contends she is entitled to payment of unauthorized, past medical expenses, ongoing medical treatment, and temporary disability benefits. The central legal issues are: (1) whether Ms. Holyfield sustained a compensable injury arising primarily out of and in the course and scope of her employment with Senior Helpers; (2) whether Ms. Holyfield is entitled to payment of unauthorized past medical expenses; (3) whether Ms. Holyfield is entitled to ongoing medical treatment; and (4) whether Ms. Holyfield is entitled to temporary disability benefits, and if so, in what amount. For the following reasons, the Court holds Ms. Holyfield has not come forward with sufficient evidence to establish she is likely to prevail at a hearing on the merits that she sustained an injury primarily arising out of and in the course and scope of her employment such that she would be entitled to the requested benefits.[2]

## History of Claim

Based on the Court's file, Ms. Holyfield is a fifty-three-year-old resident of Shelby County, Tennessee. (T.R. 1.) Senior Helpers hired her as a caregiver on or about April 5, 2012. (T.R. 4.) She claimed she developed scabies on her hands, arms, fingers, and feet while caring for a Senior Helpers' client on or about May 12, 2016. (T.R. 1; T.R. 2.) According to Ms. Holyfield, her hands began to itch in April 2016 after getting cat hair all over her at the client's home. (Ex. 1.) She reported the issue to Senior Helpers on May 12, 2016, and Senior Helpers sent her to Methodist Healthcare for a one-time evaluation. (T.R. 4.)

Nurse Practitioner Floyd Gresham evaluated Ms. Holyfield on May 12, 2016, and indicated in his office note that her hands, wrist, and feet had been itching for about two weeks after taking care of a patient with a sickly cat. (Ex. 6.) He diagnosed Ms. Holyfield with scabies and noted the condition was work-related. (Ex. 6.) He prescribed Permethrin cream for the rash, placed Ms. Holyfield on limited duty, and instructed her to return to the clinic on May 16, 2016. (Ex. 6.)

On May 13, 2016, Senior Helpers' workers' compensation carrier, Travelers Commercial Casualty Co., denied Ms. Holyfield's claim. (Ex. 3.) Travelers denied the claim due to a lack of evidence that Ms. Holyfield's condition was work related. (Ex. 3.) Based on this denial, Ms. Holyfield filed a Petition for Benefit Determination on June 10, 2016. (T.R. 1.)

After the parties attempted alternative dispute resolution, a Dispute Certification Notice was filed with the Court clerk on August 4, 2016. (T.R. 2.) Thereafter, Ms. Holyfield filed her REH. (T.R. 3.) In the affidavit filed with her REH, Ms. Holyfield stated her hands were partially disfigured and she was in constant pain due to her

---

and has marked the exhibit for identification only. The records will not be admitted into evidence.

[2] The Court has attached, as an Appendix to this Order, a complete listing of both the technical record and the exhibits it considered.

condition, which she related to her patient's cat. (Ex. 1.) She also indicated she no longer had normal use of her hands and that she had to pay for her medical visits and medication. (Ex. 1.)

In response to Ms. Holyfield's REH and affidavit, Senior Helpers filed the affidavit of Janie Phillips (Ex. 2) as well as a causation letter prepared by Dr. James Turner (Ex. 8) as exhibits. Ms. Phillips, the daughter of the patient Ms. Holyfield was assisting when she noticed her condition, testified that her mother fell and broke her hip on April 26, 2016. (Ex. 2.) Due to her broken hip, Ms. Phillips' mother spent fifteen days in the hospital as well as an additional twenty-five days in a rehabilitation facility. (Ex. 2.) During this time, Ms. Phillips' mother was thoroughly examined by numerous doctors and nurses. (Ex. 2.) However, none of these medical providers ever diagnosed her with scabies or mentioned scabies. (Ex. 2.)

Senior Helpers sent the affidavits of Ms. Holyfield and Ms. Phillips, along with Ms. Holyfield's medical records from Methodist Healthcare, to Dr. Turner, a dermatologist with Mid-South Dermatology and Skin Cancer Center, to get a causation opinion. (T.R. 4.) In his November 1, 2016 letter, Dr. Turner initially stated that humans have a different species of scabies than cats and there was no clinical evidence to suggest cross contamination or infection occurs. (Ex. 8.) He further noted that Ms. Holyfield did not have a laboratory diagnosis of scabies using skin scraping or biopsy to ensure a proper diagnosis. (Ex. 8.) Finally, he indicated Ms. Holyfield gave a history of working in home health and as a manicurist, which could explain her condition. (Ex. 8.) In light of Dr. Turner's letter, Senior Helpers contends Ms. Holyfield cannot meet her burden of proving her injury arose primarily out of and in the course of her employment.

## Findings of Fact and Conclusions of Law

*General Legal Principles*

Ms. Holyfield need not prove every element of her claim by a preponderance of the evidence in order to recover medical and/or temporary disability benefits at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard does not relieve Ms. Holyfield of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

*Primarily Arising Out of and in the Course of Employment*

The Court initially must determine whether Ms. Holyfield has met her burden of proving she is likely to prevail at a hearing on the merits of her claim. To be compensable under the workers' compensation statutes, Ms. Holyfield's condition must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the alleged work injury "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

The issue under consideration is whether Ms. Holyfield developed scabies on her hands, arms, fingers, and feet while caring for a Senior Helpers' client on or about May 12, 2016, as she claimed. This is an issue requiring expert medical evidence. In analyzing whether she met her burden, the Court will not remedially or liberally construe the law in her favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Ms. Holyfield nor Senior Helpers. *See* Tenn. Code Ann. § 50-6-116 (2015).

The Court must evaluate and compare the report of Nurse Practitioner Gresham at Methodist Healthcare and the report of Dr. Turner, a dermatologist with Mid-South Dermatology and Skin Cancer Center. Nurse Practitioner Gresham evaluated Ms. Holyfield on May 12, 2016, and indicated in his office note that her hands, wrist, and feet had been itching for about two weeks after taking care of a patient with a sickly cat. He diagnosed Ms. Holyfield with scabies and noted the condition was work-related. To the contrary, Dr. Turner opined that humans have a different species of scabies than cats and there was no clinical evidence to suggest cross contamination or infection occurs. He further noted that Ms. Holyfield did not have a laboratory diagnosis of scabies using skin scraping or biopsy to ensure a proper diagnosis. Finally, he indicated Ms. Holyfield gave a history of working in home health and as a manicurist, which could explain her condition.

The Court finds that Dr. Turner is a more qualified expert in the field of dermatologic conditions, such as scabies, and that he more completely and logically explained his medical opinion. Dr. Turner discounted the likelihood of Ms. Holyfield developing scabies from contact with a cat, and noted other potential causes of scabies. Based on a comparison of the two conflicting medical reports, the Court holds Ms. Holyfield is unlikely to prevail at a hearing on the merits on the issue of causation.

4

Having determined this issue in favor of Senior Helpers, it is not necessary to address the other issues raised by the parties.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Holyfield's claim against Senior Helpers for the requested benefits is denied at this time.

2. This matter is set for a Status Conference on January 9, 2017, at 9:30 a.m. Central time.

**ENTERED this the 30th day of November, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

## Status Conference:

A Status Conference has been set with **Judge Allen Phillips, Court of Workers' Compensation Claims. You must call 731-422-5263 or toll-free at 855-543-5038 to participate in the Status Conference.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be

5

made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

The Court designates the following documents as the Technical Record:

1. Petition for Benefit Determination, filed on June 10, 2016;
2. Dispute Certification Notice, filed on August 4, 2016;
3. Request for Expedited Hearing, filed on October 7, 2016;
4. Senior Helpers' Expedited Hearing Pre-Trial Brief, filed on November 3, 2016;
5. Order for File-Review Determination on Request for Expedited Hearing, filed November 14, 2016; and
6. Senior Helpers' Motion to Strike Collective Exhibit of Medical Records from St. Francis Hospital – Bartlett.

The Court considered the following documents in reaching its decision. It designates them as Exhibits for sake of reference:

1. Ms. Holyfield's Affidavit, filed October 7, 2016;
2. Affidavit of Jane Phillips, filed November 3, 2016;
3. Form C-23 Notice of Denial of Claim for Compensation, filed June 21, 2016;
4. Form C-41 Wage Statement and attached wage information, filed June 21, 2016;
5. Collective Exhibit of four photographs of Ms. Holyfield, filed October 21, 2016;
6. Collective Exhibit of Medical Records from Methodist Healthcare;
7. Collective Exhibit of Medical Records from St. Francis Hospital – Bartlett (marked for identification only);
8. Causation letter from Dr. James Turner, filed November 1, 2016;
9. Mayo Clinic information regarding Scabies; and
10. Monthly Claims Statement from Blue Cross Blue Shield of Tennessee.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 30th day of November, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Eve Holyfield, Employee | | | x | thefirstladyeh@gmail.com |
| Paul Nicks, Employer's Attorney | | | x | pnicks@travelers.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8